Bronstein v. Shane, 195 Ill. App. 387.

## John Bronstein, Defendant in Error, v. C. B. Shane, Plaintiff in Error.

### Gen. No. 21,229.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. GEORGE BEDFORD, Judge, presiding. Heard in this court at the March term, 1915. Reversed. Opinion filed December 6, 1915.

### Statement of the Case.

Action by John Bronstein, plaintiff, against C. B. Shane, defendant, in the Municipal Court of Chicago, to recover under a contract of employment from which it was alleged he was wrongfully discharged. From a judgment for plaintiff of eighty-seven dollars, defendant appeals.

The evidence showed that plaintiff was employed as a cementer of rubber coats under a contract which provided that he "guarantees to give the same satisfaction in his work as he has heretofore been giving"; that before the contract was signed he made an average of eighteen dollars per week. The contract guaranteed that his earnings would be not less than that sum. By practically uncontradicted evidence it was shown that after the signing of the contract, with the possible exception of two weeks, he never earned this amount; that his earnings ran from ten dollars a week to about fourteen dollars a week, and that defendant paid him the difference; that the foreman reproved plaintiff for poor work, showing him defects and urging him to do better; that another employee, who was an examiner of work, found defects in the work and was compelled to return a considerable portion of the same to plaintiff to be done over; that he wasted considerable time during working hours by visiting and talking with other workmen; that he was threatened with discharge unless his work was bettered, but there was no improvement, and finally he was told to go by the fore-

man, who stated to him that he was discharged "because I cannot get this work done at all; your work is absolutely no good."

LEWIS F. JACOBSON, for plaintiff in error.

No appearance for defendant in error.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

### Abstract of the Decision.

1. MASTER AND SERVANT, § 84*—*when evidence insufficient to support judgment for wages.* In an action by a workman to recover wages alleged to be due under a contract of employment, evidence insufficient to support a judgment for plaintiff.

2. MASTER AND SERVANT, § 76*—*when discharge a defense to action for wages.* A workman who is justifiably discharged cannot recover wages after such discharge.

---

### Charles C. Martin, Administrator, Plaintiff in Error, v. St. Luke's Hospital, Defendant in Error.

### Gen. No. 21,252.

1. DEATH, § 21*—*when nonaction not proximate cause.* In an action against a hospital corporation to recover for the death of plaintiff's intestate under Hurd's Rev. St., ch. 70, sec. 1 (J. & A. ¶ 6184) providing an action "whenever the death of a person shall be caused by wrongful act," etc., where it appeared that decedent was brought to defendant's hospital after a fall occurring elsewhere, with which accident the cause of death was plainly connected, and that the immediate cause of death was cerebral compression and hemorrhage, *held* that no right of action accrued to plaintiff against defendant, upon the sole ground that defendant failed to cause decedent to be operated upon in order to save his life, for the reason that the words of the statute refer to the direct cause which, without the intervention of any other cause, produces death, and do not include within their meaning a failure to arrest the natural progress of accidental injuries.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.